IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EVELYN MOORING HOWARD, § § *Plaintiff*, § § v. § § AMERICAN HEALTHWAYS SERVICES, § LLC, § § *Defendant*. § | Civil Action No. SA-13-CV-1164-XR |

### ORDER

On this date, the Court considered Defendant's motion to dismiss. Doc. No. 7. Although for the reasons described herein this motion is more appropriate construed as a motion for summary judgment, after careful consideration, the motion is GRANTED.

### BACKGROUND

This case arises out of Plaintiff Evelyn Mooring-Howard's former employment relationship with Defendant, American Healthways Services, LLC. Plaintiff was employed by Defendant as a call center representative between 2008 and 2012. Orig. Pet. ¶ 14, Doc. No. 1, Ex. 1. During that period of employment, Plaintiff filed for Chapter 11 bankruptcy protection in August, 2010. Doc. No. 8, Ex. 2. In July 2012, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that her supervisor was discriminating against her on the basis of her race (African-American). *Id.* Plaintiff further alleges that she was retaliated against for filing this complaint leading to her ultimate termination in October, 2012. *Id.* Plaintiff thereafter filed a second complaint with the EEOC on November 16, 2012, this time asserting a retaliation claim. *Id.*

On April 11, 2013, Plaintiff received a letter indicating that she had completed her bankruptcy plan. *Id.* On July 5, 2013, Plaintiff's bankruptcy was officially discharged. *Id.* In the intervening period, Plaintiff received a "right to sue" letter from the EEOC pertaining to her retaliation claim on April 26, 2013.

Plaintiff filed an original petition in the 73rd Judicial District Court of Bexar County, Texas, on July 23, 2013, alleging claims of unlawful retaliation and discrimination in violation of Chapter 21 of the Texas Labor Code. Orig. Pet. ¶ 19. Plaintiff also asserts a cause of action for intentional infliction of emotional distress ("IIED"). *Id.* at ¶ 20. Defendant properly removed the case to this Court on December 13, 2013, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

On April 30, 2014, Defendant filed a motion to dismiss under Rule 12(b)(6) or, in the alternative, under Rule 12(c). Doc. No. 7. Defendant's primary contention is that Plaintiff should be judicially estopped from asserting her claims because they were not disclosed to the bankruptcy court. *Id.* Plaintiff has filed a response. Doc. No. 8. As Plaintiff notes, Defendant's motion includes exhibits not included as attachments to the pleadings. Accordingly, this motion should be treated as a motion for summary judgment and not as a motion to dismiss. *See* FED. R. CIV. P. 12(d).

**LEGAL STANDARD**

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## DISCUSSION

Defendant argues that Plaintiff's claims are barred under the doctrine of judicial estoppel. Doc. No. 7. Several factors guide this Court's analysis of whether judicial estoppel is appropriate: (1) whether the party's new position is "clearly inconsistent" with its old position, (2) whether the party had convinced a court based on its old position; and (3) whether the party made the inconsistent statement "inadvertently." *In re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir. 1999); *Jethroe v. Omnova Solutions*, Inc., 412 F.3d 598, 600 (5th Cir. 2005). In addition, the Supreme Court has held that, as an equitable doctrine, judicial estoppel is most appropriate in circumstances where it would be unjust to permit a party to change positions. *New Hampshire v. Maine*, 532 U.S. 742 (2001). As a result, courts possess discretion over when to apply judicial estoppel. *Id*. at 750 (differing circumstances "may inform the doctrine's application in specific factual contexts"). In this case, Defendant argues that judicial estoppel is

appropriate because Plaintiff failed to disclose the existence of her EEOC claim during the pendency of her bankruptcy proceeding.  Doc. No. 7.

1. *Did Plaintiff Advance a "Clearly Inconsistent" Position?*

The Fifth Circuit has held that failure to disclose an asset to a bankruptcy court, including a pending legal claim, counts as a "plainly inconsistent" statement. *Jethroe*, 412 F.3d at 600 (citations omitted).  Specifically, a debtor is "under a duty both to disclose the existence of her pending EEOC complaint when she filed her [bankruptcy] petition and to disclose her potential claims through the pendency of that petition." *Id.*  Based upon this language, it is clear that a debtor is under a continuing duty to disclose pending claims to the bankruptcy court, even if those claims are filed after the bankruptcy proceeding is initiated.

Plaintiff argues that she did not fail to disclose (and consequently did not make a "plainly inconsistent" statement) because she did not have a pending legal claim until after she received her EEOC right to sue letter, which she claims was after her bankruptcy was completed.  Doc. No. 8 at 8-9.  There are two faults with this argument.  First, Plaintiff had a potential legal claim that triggered her duty to disclose well before the EEOC closed its investigation and issued its right to sue letter.  The Fifth Circuit is clear that a "plaintiff is judicially estopped from pursuing an EEOC charge *filed* while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim." *Jethroe*, 412 F.3d at 600 (emphasis added).  Consequently, Plaintiff's duty to disclose her potential legal claim arose when she filed the relevant EEOC complaint on November 16, 2012, while the bankruptcy proceeding was ongoing.

The second problem with Plaintiff's argument is that, even assuming her duty to disclose only arose after she received the right to sue letter on April 26, 2013, her bankruptcy was still ongoing at that point. Plaintiff's bankruptcy was only officially complete when it was discharged on July 5, 2013. The fact that Plaintiff completed her payments and received a letter of completion before then does not alter the fact that her bankruptcy only ended when it was discharged by a court order. While Plaintiff's bankruptcy was ongoing, she was under a continuing duty to disclose potential legal claims. *Flugence*, 738 F.3d 126, 129-30 (5th Cir. 2013)("We agree with the … defendants that there is a continuing duty to disclose in a Chapter 13 proceeding"); *Kamont v. W.*, 83 F. App'x. 1, 3 (5th Cir. 2003).

  2. *Was Plaintiff's Position "Accepted" by the Bankruptcy Court?*

Plaintiff next argues in passing that she never convinced the bankruptcy court to accept her prior position. Doc. No. 8 at 9. By discharging her bankruptcy, the bankruptcy court implicitly accepted Plaintiff's representation that she had rendered a full accounting of her assets and liabilities. *See In re Superior Crewboats Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) ("[T]he [debtors'] omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed"). Accordingly, there is no merit in the argument that Plaintiff's inconsistent position was never "accepted" by the bankruptcy court.

  3. *Was Plaintiff's Inconsistency "Inadvertent"?*

A more difficult issue is whether Plaintiff's non-disclosure was "inadvertent" such that judicial estoppel should not bar this subsequent suit. In the context of bankruptcy claims, the Fifth Circuit has held that "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when … the debtor either lacks knowledge of the undisclosed claims or has no

motive for the concealment." *In re Coastal Plains*, 179 F.3d at 210; *see also Flugence*, 738 F.3d at 130. Plaintiff claims that she lacked knowledge of the undisclosed claims because she thought that her only legal remedy was to be reinstated to her former employment, and was not aware that she could obtain damages until her attorneys advised her of this fact in March, 2014. Doc. No. 7, Ex. A.

First, even if Plaintiff lacked knowledge regarding her potential remedies, it is uncontested that she knew of the facts giving rise to her cause of action while her bankruptcy was ongoing. *See Flugence*, 738 F.3d at 130 (finding that plaintiff had knowledge of claims when he "knew of the facts underlying her personal-injury claim."). Second, if Plaintiff was aware of the potential to obtain reinstatement, then any argument that she lacked knowledge of her claim fails on its own terms because Plaintiff admits knowing that she was entitled to some form of legal relief. Finally, Plaintiff is essentially arguing that she did not know that she had a duty to disclose her claims because she did not know that money damages were a possibility. However, courts are clear that a lack of awareness of the statutory disclosure requirement is not relevant to the inadvertence analysis. *Id.* at 130-131; *Coastal Plains*, 179 F.3d at 206.

Moreover, assuming the veracity of Plaintiff's claim that she only sought reinstatement, she had a motive to conceal these claims from her creditors because, if disclosed, the claims would potentially belong to the creditors. *Flugence*, 738 F.3d at 129 (noting that under 11 U.S.C. § 1306(a)(1) claims that accrue during bankruptcy proceedings belong to bankruptcy estate). Plaintiff's creditors would likely have no interest in pursuing the reinstatement remedy for themselves and would have likely pursued money damages against Defendant in order to

recoup some of Plaintiff's debt. Thus, Plaintiff's own testimony that she only sought reinstatement establishes a motive to conceal.

    *4. Do Equitable Considerations Preclude Judicial Estoppel?*

Finally, Plaintiff argues that judicial estoppel is an equitable doctrine that the Court should decline to apply in this case to ensure that justice is served. Doc. No. 8 at 11-13. *See Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) ("The doctrine of judicial estoppel is equitable in nature"). More specifically, Plaintiff argues that application of judicial estoppel in this case would allow Defendant's allegedly discriminatory conduct to go unpunished and thus served as an "unjustified windfall" for a company that is allegedly violating the law. Doc. No. 8. By focusing on the parties, this argument mischaracterizes the nature of judicial estoppel. Unlike other estoppel doctrines which are meant to protect parties from repeated litigation, judicial estoppel protects the integrity of the courts, in this case the bankruptcy court. *See Coastal Plains, Inc.*, 179 F.3d at 205. Consequently, the application of judicial estoppel in this case is not meant to reward Defendant, but instead serves the underlying policy of ensuring that all assets are disclosed to a bankruptcy court. *See Id.* ("[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."). While Plaintiff argues that barring her claims under judicial estoppel would "result in a substantial miscarriage of justice," she does not explain how the equities of her case are meaningfully different from any other employment claim that courts routinely bar if undisclosed during a bankruptcy proceeding. *Jethroe*, 412 F.3d at 600.

Finally, Plaintiff argues that if she is estopped from asserting her claims they should belong to the trustee. Doc. No. 8.  In general it is appropriate to permit the trustee to pursue an estopped debtor's claims.  *See, e.g., City of Arlington*, 650 F.3d at 573.  However, in this case the bankruptcy proceeding has already been completed for almost a year and Plaintiff appears to have satisfied all obligations she owed to her creditors, who are not parties to this suit. Accordingly, there is no reason to permit Plaintiff to substitute her former creditors as a third-party plaintiff in this case.

## CONCLUSION

In light of this analysis, Defendant's motion to dismiss, construed as a motion for summary judgment, is GRANTED. Doc. No. 7.  The case is hereby DISMISSED WITH PREJUDICE and the Clerk is directed to CLOSE  the case.

SIGNED this 22nd day of May, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE